# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TOBY HILL,

     Petitioner,

  v.              Case No. 06-C-574

WILLIAM POLLARD,

     Respondent.

# DECISION AND ORDER DENYING
## PETITION FOR A WRIT OF HABEAS CORPUS

On May 10, 2006, Toby Hill ("Hill"), a prisoner incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable Rudolph T. Randa previously screened Hill's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. (Docket No. 6.) The respondent answered the petition, (Docket No. 8), and accompanying his answer was a motion to dismiss, (Docket No. 10). As grounds for his motion to dismiss, the respondent argues that Hill's petition is a mixed petition because he failed to exhaust certain of his claims. Alternatively, the respondent argues that Hill's petition is without merit and therefore should be denied. Hill responded to the motion to dismiss and stated that he seeks to dismiss his unexhausted claim (count five) and pursue only his exhausted claims (count one through four). (Docket No. 14.) The pleadings on the petition and the respondent's motion to dismiss are closed and the matter is ready for resolution. This case was transferred to this court upon all parties consenting to the full jurisdiction of a magistrate judge.

**FACTS**

On February 19, 2002, pursuant to a plea agreement, Hill pled guilty to two counts of second-degree reckless homicide with the use of a dangerous weapon and as a habitual criminal, in violation

of Wisconsin Statutes §§ 939.62, 939(63(1)(A)2, and 940.06(1). (Ans. Ex. A.) On April 11, 2002, he was sentenced to fifteen years in prison and five years of extended supervision as to each count to be served consecutively, for a total term of imprisonment of forty years. (Ans. Ex. A.)

On February 13, 2004, Hill's appellate counsel submitted a "No Merit" report to the court of appeals pursuant to Anders v. California, 386 U.S. 738 (1967) and Wisconsin Statute § 809.32(1). (Ans. Ex. D.) On April 5, 2004, Hill responded to the No Merit report wherein he raised the following issues: (1) he should be allowed to withdraw his guilty plea because he was acting in self-defense; (2) he entered his guilty plea because he was threatened by the victims' family; (3) Hill's trial counsel inaccurately informed him that the bullets from Hill's gun were identified as causing the victims' deaths when the victims' deaths may have actually been caused by one of the other shooters; (4) Hill's trial counsel did not inform him that if he prevailed on trial on his self-defense claim he would not still be held liable as party to the crime; (5) Hill's trial counsel was ineffective for telling him that it was too late for him to not take the plea on the date of the plea hearing. (Ans. Ex. E.) The court of appeals summarily affirmed Hill's conviction. (Ans. Ex. B.)

Hill then filed a petition for review with the Wisconsin Supreme Court wherein he raised the grounds set forth in his response to the No Merit report, as well as a claim that he was denied effective assistance of appellate counsel, because his appellate counsel failed to inform him that he was a court commissioner. (Ans. Ex. H.) On June 1, 2005, the Wisconsin Supreme Court denied review. (Ans. Ex. C.)

Having withdrawn count five of his petition, which made his petition a mixed petition, the court shall turn to the merits of the claims for which Hill has exhausted his avenues for relief in state court. See Rose v. Lundy, 455 U.S. 509, 520 (1982). The following claims remain: (1) trial counsel was ineffective because he advised Hill to plead guilty when it was not clear whether the bullets from Hill's gun caused the victims' deaths; (2) trial counsel was ineffective for failing to inform Hill that if Hill

prevailed on his self defense claim he would not be liable as a party to the crime; (3) trial counsel was ineffective for failing to inform him as to the nature of a self defense claim; and (4) trial counsel was ineffective for failing to inform the court that Hill feared for his life because of the presence of the victim's family members in the courtroom when Hill entered his guilty plea.

**STANDARDS OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court; or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Case 2:06-cv-00574-AEG   Filed 11/01/07   Page 3 of 7   Document 17

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the issues raised by Hill.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Although presented as four distinct grounds, all of Hill's claims for relief allege that he was denied the effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that the Wisconsin court's decision was either contrary to, or the based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002) (applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show:

(1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance caused him prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant under the second prong, the court need not consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

As stated earlier, Hill makes the following four claims regarding how his trial counsel was ineffective: (1) trial counsel was ineffective because he advised Hill to plead guilty when it was not clear whether the bullets from Hill's gun caused the victims' deaths; (2) trial counsel was ineffective for failing to inform Hill that if Hill prevailed on his self defense claim he would not be liable as a party to the crime; (3) trial counsel was ineffective for failing to inform him as to the nature of a self defense claim; and (4) trial counsel was ineffective for failing to inform the court that Hill feared for his life because of the presence of the victim's family members in the courtroom when Hill entered his guilty plea.

**Cause of Death**

Hill alleges that his trial counsel was ineffective because he inaccurately informed him that it was the bullets from Hill's gun that were determined to have caused the death of the victims. There were other shooters and Hill argues it may have been the bullets from one of these other shooters that caused the death of the victims. The determination of which gun fired the fatal bullets causing the

deaths of the victims is inconsequential to the question of Hill's guilt. Hill was charged as a "party to the crime," and thus each of the persons involved with the commission of the crime may be charged and convicted of the crime, regardless of whether that person directly committed the crime. Wis. Stat. § 939.05. Merely aiding or abetting another in the commission of a crime is sufficient to render a person guilty of a crime pursuant to the party to a crime statute. Id. Thus, Hill is unable to demonstrate he was prejudiced by his attorney's alleged statement. Further, at his plea hearing, the district attorney discussed the party to the crime statute and Hill told the court that he understood. (Ans. Ex. F at 9-10.)

**Self-defense**

Hill has failed to demonstrate that he possessed a viable claim of self-defense, and thus the court is unable to conclude that any alleged errors on behalf of his trial counsel resulted in prejudice to Hill. Rather, the record indicates that Hill made a conscious and calculated decision to forgo the uncertainty of a trial where he faced the substantially greater penalty associated with first-degree reckless homicide and instead chose to plead guilty to the lesser crime of second-degree reckless homicide. Absent Hill's ability to demonstrate that he possessed a viable self-defense claim, Hill is unable to demonstrate that his trial counsel's alleged failure to inform him of the nature a self-defense claim or the effect of prevailing upon such a claim at trial prejudiced him. Therefore, Hill is not entitled to relief on this ground.

**Threats**

Hill argues that his attorney was ineffective for failing to bring to the court's attention that Hill felt threatened by the victims' family members and it was for this reason that he entered his guilty plea. Hill signed a plea questionnaire and waiver of rights form wherein he explicitly stated that he has not been threatened or forced to enter his plea. (Ans. Ex. D.) Further, while under oath during the plea colloquy, Hill again affirmed that no one had made any threats or in any way forced him to plead guilty. (Ans. Ex. F at 7-8.) Thus, the evidence clearly demonstrates that Hill's plea was free, voluntary,

intelligent, and understanding, and it was not unreasonable or prejudicial for Hill's trial counsel to not stand up and expressly contradict his client and in doing so accuse his client of perjury for allegedly falsely stating under oath that his plea was not the product of any threats.

**CONCLUSION**

Hill has failed to demonstrate that any of his claims of ineffective assistance of trial counsel resulted in prejudice. Therefore, the court is unable to conclude that the state court's determination that Hill's claim lacked any arguable merit was clearly contrary to or an unreasonable application of either Anders or Strickland. Therefore, the court must deny Hill's petition.

**IT IS THEREFORE ORDERED** that the respondent's Motion to Dismiss is **granted** and Hill's petition for a writ of habeas corpus is **denied**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of November, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge